IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON ROWE, #Y48107, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-cv-00882-JPG |
| | ) |
| OFFICER WARREN | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Aaron Rowe, an inmate who is in the custody of the Illinois Department of Corrections and currently incarcerated at Graham Correctional Center, filed a Complaint against officers at Pontoon Beach Police Department pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that the officers used unauthorized force against him during his arrest in Pontoon Beach, Illinois, on September 5, 2021. (*Id*. at 6). When Plaintiff ran from Officers Warren and John Doe, they cornered him, tackled him, and knocked him to the ground. (*Id*. at 6-8). As Plaintiff lay face down, the officers jammed their knees into his back and handcuffed him. (*Id*.). Then, they punched him repeatedly in the back, neck, and head. (*Id*.). He did not resist. (*Id*.). Plaintiff sustained injuries during his arrest. (*Id*.). He seeks monetary relief against both officers. (*Id*.).

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be

1

dismissed. 28 U.S.C. § 1915A(b). The factual allegations in the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations summarized above, the Court designates a single count in the *pro se* action:

> **Count 1:** Fourth Amendment claim against Officers Warren and John Doe for using unreasonable force against Plaintiff during his arrest on September 5, 2021.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Court 1 survives screening against both officers under the Fourth Amendment, which safeguards "[t]he right of the people to be secure in their persons" and prohibits unreasonable seizures. *See Torres v. Madrid*, -- U.S. --, 141 S.Ct. 989, 993, 995-96 (2021) (application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not subdue the person). The allegations suggest that both officers used unreasonable and excessive force against Plaintiff when arresting him on or around September 5, 2021. Accordingly, Count 1 shall receive further review against Officer Warren and John Doe.[2]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] Plaintiff describes himself as a convicted prisoner and brings this claim under the Eighth Amendment, which prohibits cruel and unusual punishment of convicted persons. However, the Court applies a Fourth Amendment standard to this claim because it appears that Plaintiff was not yet convicted at the time of his arrest. The Court notes that the allegations support a claim of excessive force under the Fourth and Eighth Amendment standards at screening.

### Identification of Unknown Defendant

Count 1 survives screening against Officer John Doe, the unknown officer who arrested him in Pontoon Beach, Illinois, on or around September 5, 2021.  However, the officer must be identified with particularity before service of the Complaint can be made on him.  Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez*, 577 F.3d at 832.  Officer Warren shall be responsible for responding to discovery aimed at identifying the unknown defendant.  Once the name of the unknown officer is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designations in the caption and throughout the Complaint.

### Request for Counsel

Plaintiff seeks representation by court-recruited counsel (*see* Doc. 4), and his request is **DENIED without prejudice**.  This Court will typically only recruit counsel on behalf of an indigent plaintiff, once he has shown reasonable efforts to find an attorney and is unable to litigate the matter without one.  *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel).  Plaintiff has provided no information about his attempt to find counsel, and he has offered no indication that he is unable to represent himself.  The letter from his jailhouse lawyer is not enough to support a finding that Plaintiff is incapable of litigating this matter *pro se*.  Plaintiff must explain what barriers (*e.g.*, educational, health, mental health, language, legal access, *etc*.) prevent him from representing himself.  He has failed to describe any impediments to self-representation, and his complaint and related pleadings demonstrate his ability to litigate this matter, for now, without the assistance of court-recruited counsel.  Plaintiff's motion is **DENIED**.

Before renewing his request for counsel, Plaintiff should contact at least three attorneys and/or law firms (by phone, letter, email, or otherwise) and ask for representation in this matter. If he is unable to find an attorney, Plaintiff may file a motion for recruitment of counsel to request the Court's assistance in recruiting counsel on his behalf. Along with the motion, he should provide copies of the correspondence with counsel or list the attorneys and law firms he contacted, the dates of each contact, and the responses he received. The Clerk's Office shall be directed to provide Plaintiff with this Court's form motion for recruitment of counsel.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening as follows: **COUNT 1** will receive further review against **OFFICER WARREN** and **JOHN DOE 1**, in their individual capacities. All official capacity claims are **DISMISSED without prejudice** because the Complaint fails to state any official capacity claims for relief.

Defendant **WARREN** is responsible for responding to discovery aimed at identifying the unknown officer by name.

Plaintiff's Motion to Request Counsel (Doc. 4) is **DENIED without prejudice**. The Clerk's Office is **DIRECTED** to **SEND** Plaintiff a blank motion for recruitment of counsel.

The Clerk of Court shall prepare for **OFFICER WARREN** and, once identified, **JOHN DOE 1**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **JOHN DOE 1** until Plaintiff has identified this individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of this individual, and he is **WARNED** that failure to do so may result in their dismissal from this action.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be kept in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order</u>**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/12/2022**                                              s/ J. Phil Gilbert
                                                                                    **J. PHIL GILBERT**
                                                                                    **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.