UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON ROWE,

      Plaintiff,

  v.                                        Case No. 22-cv-882-JPG

OFFICER WARREN and OFFICER DOE

      Defendants.

## **MEMORANDUM AND ORDER**

      This matter comes before the Court on defendant Officer Warren's oral motion to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff Aaron Rowe, proceeding *pro se*, alleges excessive force during an arrest by the defendant police officers in the Pontoon Beach Police Department. Warren makes his motion to dismiss after a history of Rowe's delinquencies that make it impossible to litigate this case and that indicate a lack of interest in pursuing it.

      In January 2023, Warren sent Rowe interrogatories and requests for production at the address Rowe provided the Court in November 2022, when he was paroled from the Illinois Department of Corrections. When Rowe did not timely respond to the discovery requests, Warren sent a letter to Rowe in an attempt to informally resolve the discovery problem as required by § V.F of the Scheduling and Discovery Order (Doc. 27). In May 2023, Warren also sent Rowe requests for admissions. Several weeks later, Warren's counsel received an email purporting to be from Warren indicating he intended to comply with discovery. Warren's counsel responded by noting the overdue responses and asking for the best way to contact Rowe. To this day, Rowe has not responded to discovery requests nor has he provided any means of contacting him other than his mailing address. The failure to respond to discovery is in violation

of the Federal Rules of Civil Procedure and the Scheduling and Discovery Order.  Discovery closes on August 7, 2023.

In response to these discovery delinquencies, Warren filed a motion to compel, which the Court set for a telephone motion hearing.  The Court warned Rowe that if he did not call in for the motion hearing, the Court might construe this failure, in combination with his failure to respond to discovery requests, as an intent to abandon this action, and may dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).  Rowe failed to call in to the hearing.

Additionally, although not mentioned in Warren's motion, the Court notes that as of October 5, 2022, the parties and the Court have been aware of the alleged identity of the John Doe defendant and the fact that he was deceased.  His identity and death are noted in § III of the Scheduling and Discovery Order (Doc. 27).  Rowe was given until December 2022 to confirm the John Doe's identity and move to substitute the specific person, and he was warned that the failure to do so would result in dismissal of the John Doe defendant.  Rowe failed to file any such motion.

In sum, Rowe has failed to participate in this litigation and has violated discovery rules and orders by failing to respond to discovery requests and failing to attend a court hearing.

The Court has discretion to dismiss a suit for lack of prosecution as a punitive measure. *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021); *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013).  However, it should not do so immediately after the first problem occurs and without exploring other potentially effective options.  *Sroga*, 722 F.3d at 982.  The plaintiff should also have warning that the Court is considering dismissal.  *Id.*  In deciding

whether to dismiss a case for lack of prosecution, the Court should consider:

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993)). "There is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed." *Ball,* 2 F.3d at 760.

The Court has evaluated all circumstances, including the frequency of Rowe's failure to comply with deadlines, rules, and orders; responsibility for mistakes; effect on the judicial calendar; prejudice caused to the defense; merit of the underlying claim; and any social objectives represented by the suit. *Aura Lamp*, 325 F.3d at 908. The Court has given Rowe sufficient warning of the dismissal for his delinquencies. In light of all these factors, the Court **DISMISSES** this case **without prejudice** pursuant to Rule 41(b) and the Court's inherent authority to manage its docket, *see In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995), and **DIRECTS** the Clerk of Court to enter judgment accordingly. In light of this ruling, the motion to compel (Doc. 32) is **MOOT.**

**IT IS SO ORDERED.**
**DATED:  July 18, 2023**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**